UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:22-cv-62078-JEM/Becerra

LIFE INSURANCE COMPANY OF THE
SOUTHWEST,

        Plaintiff,

v.

RAQUEL CORDEIRO DE AZEVEDO,

        Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** came before the Court on Plaintiff Life Insurance Company of the Southwest's ("Plaintiff") Motion for Final Default Judgment as to Defendant Raquel Cordeiro de Azevedo ("Defendant") (the "Motion"). ECF No. [12]. Defendant did not file a response to the Motion, and the time to do so has passed. Upon due consideration of Plaintiff's Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that the Motion be **GRANTED**.

**I.     BACKGROUND**

On November 9, 2022, Plaintiff filed its Complaint against Defendant, ECF No. [1]. Plaintiff alleges that Defendant completed an application on or around October 27, 2020, to obtain a life insurance policy through Plaintiff for $500,000.00 in coverage (the "Policy"). *Id.* ¶ 5. Therein, Plaintiff alleges that Defendant made misrepresentations regarding her medical and health history. *Id.* Specifically, Defendant represented that she was not taking any medications at the

---

[1] This matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge. ECF No. [13].

1

time of her application and had not taken any medications in the past 10 years related to certain health conditions. *Id.* ¶¶ 6–7. Plaintiff alleges that it issued the Policy to Defendant relying on those representations. *Id.* ¶ 8. Following the issuance of the Policy, Plaintiff alleges that it received medical records for Defendant from various providers, revealing Defendant's previously undisclosed medical and health history, including:

- At the time she applied for the Policy, Ms. De Azevedo was taking the medications Cyclogil, Pred Forte, and Ambien.

- During her February 12, 2020 consultation at Everybody's Family Clinic, Ms. De Azevedo was diagnosed with an unspecified disorder of the eye and was referred to an ophthalmologist for further evaluation.

- During her March 7, 2020 consultation with Dr. Charles Medert, Ms. De Azevedo presented with 'ocular pain left eye,' 'cloudy vision,' and 'other visual disturbances.' Ms. De Azevedo reported that she had '5 episodes over the past 1.5 year,' and she was diagnosed with anterior uveitis.

- During her March 12, 2020 consultation with Dr. Charles Medert, Ms. De Azevedo was further diagnosed with 'scleritis of left eye (primary).'

- During her February 3, 2021 consultation with Dr. Startess Culpepper Pace, Ms. De Azevedo reported that she had experienced inflammation of the left eye for the previous two years, and Ms. De Azevedo further reported that she had progressive visual changes with increased sensitivity and vision loss in early 2020. Ms. De Azevedo additionally reported that she had been hospitalized eight years ago in Brazil for twelve days due to swollen knees and feet, and she was trated with morphine and remicaide.

- Ms. De Azevedo had been treated for arthritis within ten years of applying for the policy.

*Id.* ¶ 11. Plaintiff alleges that the inclusion of these material facts would have resulted in non-issuance of the Policy under the same terms, or possibly at all. *Id.* ¶ 12, 18–19.

The Complaint asserts one count for Rescission, seeking rescission of the Policy, a declaration that the Policy is void *ab initio*, and a declaration that Plaintiff has no further obligations under the Policy. *Id.* Plaintiff also seeks attorneys' fees and costs. *Id.* at 5.

2

Defendant was served with the Complaint on December 5, 2022. *See* ECF Nos. [7] (return of service); [12] at 5. When Defendant failed to respond to the Complaint, Plaintiff filed a Motion for Entry of Clerk's Default, ECF No. [8], and a Clerk's Default was entered. ECF No. [9]. The District Court then entered an Order on Default Final Judgment, ECF No. [10], which was served on Defendant on December 30, 2022. ECF Nos. [11] (certificate of service); [12] at 6.

Thereafter, Plaintiff filed the instant Motion, requesting the entry of default judgment against Defendant. ECF No. [12]. Plaintiff requests "that the Court grant this Motion in its entirety and enter a final default judgment against Ms. De Azevedo: (a) rescinding all coverage under Policy No. 732042800, (b) declaring Policy No. 732042800 void *ab initio*, and (c) declaring that LSW has no further obligations under Policy No. 732042800." *Id.* at 12. Plaintiff did not renew its request for attorneys' fees in the Motion. *Id.* In support of its Motion, Plaintiff submitted the Declaration of Sara Lehtonen, Plaintiff's senior underwriting consultant. ECF No. [12-1].

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth the procedure for obtaining a default judgment. Subsection (a) provides that the Clerk of Court must enter default when the defendant fails "to plead or otherwise defend." FED. R. CIV. P. 55(a). Upon the entry of a clerk's default, the Court must enter a judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, . . . on the plaintiff's request, with an affidavit showing the amount due . . . ." *Id.* at 55(b)(1). While "[a]ll well-pleaded allegations of fact in the complaint are deemed admitted upon entry of default, [] before entering a default judgment the Court must ensure . . . that the complaint adequately states a claim for which relief may be granted." *United State v. Eye*, No. 10-cv-60739, 2010 WL 11610271, at *2 (S.D. Fla. Aug. 31, 2010) (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009)). That is, in

3

determining whether default judgment may be entered, courts must review the allegations in the complaint to determine whether there is a "sufficient basis in the pleadings for the particular relief sought." *United States v. Genesis II Church of Health & Healing*, 476 F. Supp. 3d 1283, 1289 (S.D. Fla. 2020) (citing *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007)); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (noting that the "sufficient basis" standard is akin to the motion to dismiss standard). Once liability has been established, "[d]amages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (quotations omitted). Rule 55 does not require an evidentiary hearing on damages where the amount claimed is either liquidated or capable of arithmetic calculation. *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 746–47 (11th Cir. 2017) ("[E]videntiary hearings are required in all but limited circumstances, such as when hearing any additional evidence would be truly unnecessary to a fully informed determination of damages") (quotations omitted); *Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011) (noting that under Rule 55, district courts are not required to conduct evidentiary hearings).

### III. ANALYSIS

Florida law applies to Plaintiff's rescission claim, as the Policy herein was issued and delivered in Florida. ECF Nos. [1] ¶ 8; [12] at 8 n.4. Florida's Insurance Code provides, in relevant part:

> (1) Any statement or description made by or on behalf of an insured or annuitant in an application for an insurance policy or annuity contract, or in negotiations for a policy or contract, is a representation and not a warranty. Except as provided in subsection (3), a misrepresentation, omission, concealment of fact, or incorrect statement may prevent recovery under the contract or policy only if any of the following apply:

> (a) The misrepresentation, omission, concealment, or statement is fraudulent or is material to the acceptance of the risk or to the hazard assumed by the insurer.
>
> (b) If the true facts had been known to the insurer pursuant to a policy requirement or other requirement, the insurer in good faith would not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss.

FLA. STAT. § 627.409(1). Specifically, "Florida law . . . gives an insurer the unilateral right to rescind its insurance policy on the basis of misrepresentation in the application of insurance." *Am. Gen. Life Ins. Co. v. Useche*, No. 21-cv-21517, 2021 WL 2184874, at *3 (S.D. Fla. May 28, 2021) (quoting *Moustafa v. Omega Ins. Co.*, 201 So. 3d 710, 714 (Fla. 4th DCA 2016)); *see also Nationwide Mut. Ins. Co. v. 2KLife Publishing, LLC*, No. 20-cv-60237, 2020 WL 13389743, at *1 (S.D. Fla. Aug. 17, 2020) ("Plaintiff contends that because Defendant materially misrepresented the facts, the truth of which would have altered Plaintiff's decision to issue the Policy, Plaintiff is entitled to rescission. [] This Court agrees.") (citing *Midland Nat'l Life Ins. Co. v. Burgess*, No. 18-cv-662-T-33CPT, 2018 WL 2215434, at *2 (M.D. Fla. May 15, 2018) (granting motion for default judgment and rescission where plaintiff could show material misrepresentations were made in the application for a life insurance policy)); *USAA Life Ins. Co. v. Magana*, No. 17-cv-15-JSM-PRL, 2017 WL 1289846, at *2 (M.D. Fla. Apr. 4, 2017) (granting motion for default judgment and rescission of a life insurance policy where the well-pleaded allegations in the complaint establish that material misrepresentations were made in seeking an insurance policy)).

After careful review of Plaintiff's Complaint and the Declaration of Sara Lehtonen, Plaintiff's Senior Underwriting Consultant, submitted in support of Plaintiff's Motion, ECF No. [12-1], the Court finds that Plaintiff has stated a claim for rescission of the Policy. Given that the Clerk entered a default against Defendant, the allegations in Plaintiff's Complaint, ECF No. [1], are deemed admitted, including, but not limited to, the following. Plaintiff is a life insurance

5

provider authorized to transact business in Florida. ECF No. [1] ¶¶ 1, 5. Defendant is an individual and citizen of Florida. *Id.* ¶ 2. On or around October 27, 2020, Defendant applied for a life insurance policy through Plaintiff. *Id.* ¶ 5. Plaintiff relied on Defendant's representations in her application and issued the Policy on November 10, 2020. *Id.* ¶ 8. Plaintiff, through a review of Defendant's medical records, later learned that Defendant made material misrepresentations in her application. *Id.* ¶ 10–12. Had Plaintiff known of these material misrepresentations, Plaintiff would not have issued the Policy under the same terms, if at all. *Id.* ¶ 19. Plaintiff gave written notice to Defendant on January 27, 2022, advising that Plaintiff was rescinding the Policy, and included a check for a full refund of all Policy premiums paid plus interest. *Id.* ¶ 13. At the time of Plaintiff's filing, Defendant has not cashed the check. *Id.* ¶ 14.

Because "Florida law . . . gives an insurer the unilateral right to rescind its insurance policy on the basis of misrepresentation in the application of insurance," Plaintiff has met its burden to state a claim for rescission. *Useche*, 2021 WL 2184874, at *3. The Policy should be declared void *ab initio*. *Id.* ("The Policy is void *ab initio* because Defendant knowingly made material misrepresentations to American General about her medical history and health.") (citing *Moustafa*, 201 So. 3d at 714).

### IV.   CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Plaintiff's Motion for Final Default Judgment as to Defendant Raquel Cordeiro de Azevedo, ECF No. [12], be **GRANTED** and the Policy should be declared void *ab initio*.

### V.   OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Court within **FIVE (5) DAYS** of being served with a copy of this Report and

Recommendation. The undersigned has shortened the objection period because Defendant Raquel Cordeiro de Azevedo has not made any appearance in this lawsuit. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on April 6, 2023.

_____
**JACQUELINE BECERRA**
**United States Magistrate Judge**